# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Harold Lacy, | Civ. No. 20-1376 (JRT/BRT) |
| Petitioner, | |
| v. | **ORDER** |
| DOC State of MN and Minneasota, | |
| Respondents. | |

**IT IS HEREBY ORDERED that:**

1. Respondents are directed to file an answer to the petition for a writ of habeas corpus of Petitioner Harold Lacy, showing cause why this Court should not grant the writ.

2. The Court finds that appointment of counsel for Lacy is warranted in this action. Accordingly, counsel is hereby **APPOINTED** to represent Lacy pursuant to 18 U.S.C. § 3006A(a)(2)(B).[1] The Court hereby appoints the Office of the Federal Public

---

[1] There is no constitutional or statutory right to counsel in habeas proceedings, but a district court has discretion to appoint counsel in appropriate circumstances. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases). Among the factors a district court considers when determining whether to appoint counsel are the case's factual and legal complexity, the existence of difficult or unsettled legal issues, the petitioner's ability to present his claims, and whether appointing counsel would benefit the petitioner or the Court. *See id.* Because of the jurisdictional and statutory issues involved in determining whether Lacy's claims are cognizable under 28 U.S.C. § 2254, the Court concludes that the balance of these factors favors the appointment of counsel.

Defender to select counsel to represent Lacy for purposes of addressing Respondents' answer to Lacy's petition.

3. Respondents' answer must fully comply with the requirements of Rules 5(b), (c), and (d) of the Rules Governing § 2254 Cases in the U.S. District Courts and must include a reasoned memorandum of law and fact fully stating Respondents' legal position on Petitioner's claims. The answer must also include Respondents' view about whether Petitioner's claims (in whole or in part) are cognizable under 28 U.S.C. § 2254 or, in the alternative, whether Petitioner must raise them through some other statutory vehicle. Respondents must file the answer with the Court within 21 days of this Order's date, and must serve a copy of the answer upon Petitioner's appointed counsel simultaneously with such filing.

4. Lacy's appointed counsel shall file a reply to Respondents' answer within 21 days of the date when Respondents file their answer. Thereafter, no further submissions from either party will be permitted, except as expressly authorized by Court order.

5. Petitioner's application to proceed *in forma pauperis*, (Doc. No. 2), is **GRANTED**.

Dated: October 28, 2020
  *s/ Becky R. Thorson*
  BECKY R. THORSON
  United States Magistrate Judge